# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CARLOS A. HALL, | : |
|     Plaintiff, | : |
| v. | :   CIVIL ACTION NO. |
| | :   1:12-CV-3068-RWS |
| BANK OF AMERICA, N.A., | : |
|     Defendant. | : |

## **ORDER**

This case is before the Court on Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss [2]. After reviewing the record, the Court enters the following Order.

### **Background**[1]

On or about July 16, 2002, Plaintiff purchased property located at 239 Stallion Trail, Riverdale, Georgia 30274 (the "Property"). Plaintiff financed the purchase of the Property with a mortgage loan underwritten by Homestar Mortgage Services, LLC (the "Homestar Security Deed"). The Homestar Security Deed named Mortgage Electronic Registration Systems, Inc.

---

[1] At the motion to dismiss phase, the Court accepts as true all well-pleaded facts in Plaintiff's Complaint (Dkt. [1-1] at 16-27 of 37.)

("MERS") as nominee for Homestar. On or about January 22, 2008, the Homestar Security Deed was discharged. (See Discharge of Deed to Secure Debt, Dkt. [1-1] at 31 of 37.)

Plaintiff executed a new Security Deed for the Property on or about May 22, 2009 (the "2009 Security Deed"), which named Taylor, Bean & Whitaker Mortgage Corp. ("Taylor Bean") as Lender and MERS as nominee for Taylor Bean and its successors and assigns. On or about December 2, 2011, MERS assigned its interest in the 2009 Security Deed to Defendant BANA (the "Assignment"). On or about August 7, 2012, BANA sent Plaintiff a letter notifying him that BANA intended to exercise its power of sale under the 2009 Security Deed, and that it intended to conduct a non-judicial foreclosure sale of the Property. The letter identified BANA as "the entity that has full authority to negotiate, amend, and modify all terms of the mortgage."

Before the foreclosure sale occurred, Plaintiff filed suit in the Superior Court of Clayton County, Georgia for a temporary restraining order ("TRO") prohibiting BANA from conducting a foreclosure sale of the Property. (See Pl.'s Motion for TRO, Dkt. [1-1] at 2 of 37.) On August 6, 2012, Chief Judge Deborah C. Benefield granted Plaintiff a 30-day TRO. (See TRO, Dkt. [1-1] at

2

35 of 37.) On August 20, 2012, Judge Benefield entered an Interlocutory Injunction restraining BANA "from taking any action to foreclose on the [Property] during the pendency of this litigation." (Interlocutory Injunction, Dkt. [1-1] at 36 of 37.)

On August 2, 2012, Plaintiff also filed a Complaint and Petition for Temporary and Permanent Injunctive Relief; Declaratory Relief, to Restrain Foreclosure, and to Quiet Title (the "Complaint") in the Superior Court of Clayton County. (Dkt. [1-1] at 16 of 37.) Defendant removed the case from state court to the Northern District of Georgia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (See Notice of Removal, Dkt. [1].) Defendant's Motion to Dismiss [2] is now before the Court. Plaintiff did not file a response to Defendant's motion and therefore, the motion is deemed unopposed. See L.R. 7.1B.

## Discussion

### I. Legal Standard - Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual

3

allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

4

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'Undisputed' means that the authenticity of the document is not challenged." Id.

**II.    Analysis**

Plaintiff asserts two substantive claims: rescission of mortgage/assignment of security deed (Count I) and quiet title (Count II). Plaintiff seeks declaratory relief (Count III) and emergency temporary and permanent injunctive relief (Count IV).

5

A.   Recision of Mortgage/Assignment of Security Deed

Plaintiff alleges that BANA does not have authority to foreclose on Plaintiff's Property because it was "not legally assigned the 2009 Security Deed and does not otherwise have standing to enforce that obligation." (Compl., Dkt. [1-1] at 20 of 37, ¶ 15.) Moreover, Plaintiff alleges, even if the Assignment was valid, BANA "is and at all relevant times was merely the servicer of the mortgage, acting as the secured creditor's 'nominee,' and not the 'secured creditor' itself." (Id. at 21 of 37, ¶ 16.) Therefore, Plaintiff alleges, notice of the attempted foreclosure sale was deficient under O.C.G.A. § 44-14-162.2.

Defendant argues that, as a threshold matter, Plaintiff lacks standing to challenge the Assignment. The Court agrees. A person who is not a party to a contract or an intended third-party beneficiary of a contract lacks standing to challenge or enforce the contract. See O.C.G.A. § 9-2-20(a) ("an action on a contract ... shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent"); Joseph v. Fed. Home Loan Mortg. Corp., No. 1:12-CV-1022-RWS, 2012 WL 5429639, at *2 (N.D. Ga. Nov. 6, 2012) (finding plaintiff could not support claim for wrongful foreclosure by challenging assignment of the

6

security deed because she was not a party to the contract and lacked standing to challenge validity of the assignment). Here, Plaintiff was not a party to the Assignment or an intended third-party beneficiary of the Assignment and therefore, he may not challenge its validity or seek recision of the contract.

Plaintiff's next allegation is that BANA is not the party with authority to foreclose on the Property. On December 2, 2011, MERS conveyed to BANA "all beneficial interest under [the 2009 Security Deed] together with the note(s) and obligations therein described and the money due and to become due theron with interest and all rights accrued or to accrue under said Security Deed." (Assignment, Dkt. [1-1] at 34 of 37.) In other words, with the Assignment, BANA received all rights under the 2009 Security Deed. Under the explicit terms of that Deed, Plaintiff granted and conveyed "to MERS . . . and the successors and assigns of MERS, *with the power of sale*, the [Property]." (2009 Security Deed, Dkt. [1-1] at 32 of 37 (emphasis added).) Therefore, under the 2009 Security Deed and the Assignment, BANA does have the authority to foreclose on and sell the Property.[2]

---

[2] To the extent Plaintiff is asserting a "splitting of the Note and Deed" theory of wrongful foreclosure, the claim fails. This Court has previously found that Georgia law does not preclude the holder of a security deed from initiating foreclosure if it

7

Plaintiff's last argument is that BANA is not the secured creditor for purposes of O.C.G.A 44-14-162.2's notice requirement. Under § 44-14-162.2:

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, [and] shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor . . . .

Plaintiff alleges that the notice he received was defective because it was not sent to him "by the secured creditor." As BANA notes, however, Plaintiff does not allege which party *is* the secured creditor. BANA argues that it is the holder of the Note indorsed in blank and accordingly, is properly entitled to payment of the underlying debt. (Def.'s MTD, Dkt. [2] at 12.) Furthermore, BANA argues that Plaintiff should be estopped from alleging that BANA is not the secured creditor in this action because in his Chapter 7 bankruptcy filing (No.

---

does not also hold the note. See LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *5-6 (N.D. Ga. Jan. 18, 2011) (rejecting debtor's argument that the foreclosing entity must possess both the promissory note and the security deed); accord Alexis v. Mortg. Elec. Registration Sys., Inc., No. 1:11-CV-1967-RWS, 2012 WL 716161, at *3 (N.D. Ga. Mar. 5, 2012).

11-70636-PWB (N.D. Ga.)), Plaintiff listed Bank of America Home Loans[3] as the entity holding a secured, liquidated, and undisputed claim in the approximate amount of $144,314.00 secured by a "First Mortgage on Real Property." (Def.'s MTD, Dkt. [2] at 13.) Then, in his Individual Debtor's Statement of Intention in the bankruptcy case, Plaintiff identified Bank of America Home Loans as a creditor secured by Plaintiff's Property. (Id.)

The Court agrees with BANA. Plaintiff represented in another court proceeding that BANA is a creditor secured by Plaintiff's real property. He cannot now claim the opposite, especially without alleging which party is the secured creditor. Therefore, Defendant's motion is **GRANTED** with respect to this claim.

B. Quiet Title

Plaintiff seeks to quiet title in his favor under O.C.G.A. § 23-3-62. Plaintiff states that he filed a plat of survey of the land with his Complaint. (Compl., Dkt. [1-1] at 22 of 37, ¶ 21.) However, the Court finds no such document in the record. The statute requires that a plat of survey of the land be filed with the petition to quiet title. O.C.G.A. § 23-3-62(c). Therefore, Plaintiff

---

[3] BANA is the successor by merger to Bank of America Home Loans.

9

has not satisfied the statutory requirements and Defendant's motion is **GRANTED** as to this claim.[4]

### C.  Declaratory and Injunctive Relief

Plaintiff seeks declaratory relief "on the grounds that Defendant has no legal or equitable rights in the 2009 Security Deed or the property reflected therein for purposes of foreclosure and that said Defendant has no legal standing to institute or maintain foreclosure on the property." (Compl., Dkt. [1-1] at 23 of 37, ¶ 24.)  The Court has already concluded that BANA does have power of sale and the authority to foreclose under the Security Deed. (See Part II.A., supra.)  As there are no allegations demonstrating the existence of an actual controversy, Plaintiff is not entitled to declaratory relief. See O.C.G.A. § 9-4-2(a) (providing that declaratory judgments may be issued in "cases of actual

---

[4] Defendant also argues that Plaintiff's basis for challenging BANA's interest in the Property is flawed. (Def.'s MTD, Dkt. [2] at 15.)  The Court agrees.  Although it is difficult, based on the conclusory statements in the Complaint, to determine Plaintiff's theory of cloud upon the title, he appears to base his claim on the allegedly fraudulent Assignment of the Security Deed. (See Compl., Dkt. [1-1] at 23 of 37, ¶ 4.) As discussed in Part II.A., supra, Plaintiff does not have standing to challenge the Assignment.  O.C.G.A. § 23-3-62(b) requires a petition to quiet title to include "a statement as to the grounds upon which it is sought to remove the cloud or clouds." The Court has already concluded that BANA has authority to foreclose on the Property under the Security Deed.  Therefore, even if Plaintiff had satisfied the statutory filing requirements, the Court finds that his quiet title claim would be futile.

10

controversy"); Lubin v. Cincinnati Ins. Co., No. 1:09-CV-1156-RWS, 2009 WL 4641765, at *3 (N.D. Ga. Nov. 30, 2009) ("In order to bring a declaratory judgment action an actual controversy must exist.  The issue is whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.") (internal quotation marks and citations omitted).

Plaintiff is also not entitled to injunctive relief.  To obtain an injunction, Plaintiff must show he has suffered an irreparable harm for which BANA is liable.  See Peter Letterese & Assoc. v. World Inst. of Scientology Enters., 533 F.3d 1287, 1323 (11th Cir. 2008) (quoting eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006)).  Because Plaintiff has failed to state a claim against BANA, he has not met this requirement.  Accordingly, all of Plaintiff's prayers for relief are **DENIED**.

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss [2] is **GRANTED**.

11

**SO ORDERED**, this 22nd day of April, 2013.

_____
**RICHARD W. STORY**
United States District Judge